IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DOUGLAS McPHERSON                  )
                                      )

v.                                   )      No. 1:09-0063
                                        )      Judge Echols/Bryant

SOCIAL SECURITY ADMINISTRATION, et al.   )

To:    The Honorable Robert L. Echols, Senior Judge

## REPORT AND RECOMMENDATION

### I.

By order of the district judge (Docket Entry No. 4), this matter was referred to the undersigned for an initial frivolity review, and further necessary proceedings. Plaintiff Douglas McPherson, proceeding *pro se* and *in forma pauperis*, has filed an original, verified complaint seeking declaratory judgment and other relief (Docket Entry No. 1), and a motion to amend that complaint (Docket Entry No. 3). Under the pauper statute, this action must be dismissed if it is determined, *inter alia*, that the action is frivolous or malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). As explained below, the undersigned finds that neither plaintiff's original complaint nor his proposed amended complaint state a claim upon which relief may be granted, and accordingly recommends that the case be DISMISSED. The undersigned would decline to certify any appeal from the district court's order adopting this recommendation as being in good faith under 28 U.S.C. § 1915(a).

1

Plaintiff is attempting to sue the federal Social Security Administration and Ingham County, Michigan, seeking declaratory and other relief related to the garnishment of a portion of his monthly Social Security benefits, as well as the withholding of a one-time, $250.00 payment under the American Recovery and Reinvestment Act of 2009, to offset arrears in plaintiff's child support obligation. The complaint cites 28 U.S.C. §§ 2201 and 2202 in support of the declaratory relief he seeks, and further states that "[s]ubject matter includes grievance of wrongful attachment of Petitioner's property accomplished *under color of law* in contravention to constitutional, state and federal established law relevant to lawful collection process." (Docket Entry Nos. 1 & 3-1 at 1) (emphasis in original)

Section 2201 of Title 28, United States Code, creates the remedy of declaratory judgment, in which "the rights and other legal relations of any interested party" may be declared by the district court "[i]n a case of actual controversy within its jurisdiction," subject to certain exceptions not relevant here. However, plaintiff's pleadings fail to state a claim upon which declaratory or other relief may be granted, against either named defendant, for the reasons that follow.

## II.

With regard to plaintiff's claim against the Social Security Administration, it is clear that "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (quoting U.S. v. Sherwood, 312 U.S. 584, 586 (1941)). Although Social Security benefits are not generally subject to garnishment or other legal process, 42 U.S.C. § 407, an express exception to this general rule

2

has been enacted for purposes of collection of child support and/or alimony obligations.

With the enactment of 42 U.S.C. § 659 -- entitled "Consent by the United States to income withholding, garnishment, and similar proceedings for enforcement of child support and alimony obligations" -- the United States consented to support such enforcement proceedings against federal monies, by subjecting those monies to withholding in accord with garnishment orders and other legal process brought pursuant to state law, "in like manner and to the same extent as if the United States or the District of Columbia were a private person[.]" 42 U.S.C. § 659(a), (b). Following this expression of consent to support enforcement, however, Congress effectively reserved sovereign immunity against all but the narrowest of procedural challenges with the enactment of § 659(f)(1), which "limits any liability that might otherwise accrue to the government vis-à-vis the individual who would have received the garnished funds but for the agency's compliance with the state court order[,] ... provid[ing] that the United States shall not 'be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section." Stubli v. Principi, 362 F.Supp.2d 949, 951 (N.D. Ohio 2005) (quoting § 659(f)(1)). Thus, while § 659 waives sovereign immunity to the extent of the availability of federal monies to satisfy this limited class of state court garnishment orders, it does not express any consent by the United States to be sued over its agencies' participation in the execution of such garnishment orders, at least where such orders are regular on their face. See id. See also Overman v. U.S., 563 F.2d 1287, 1291-92 (8th Cir. 1977); Bolling v. Howland, 398 F.Supp. 1313 (M.D. Tenn. 1975). Accordingly, this court would be without jurisdiction to entertain a claim against the Social Security Administration

3

over its compliance with a garnishment order that is not alleged to be irregular on its face.

However, construing plaintiff's pleadings as challenging the Social Security Administration's deference to an Ingham County Income Withholding Order that is not "regular on its face," the undersigned finds that no viable claim is stated. "Facial validity of a writ need not be determined 'upon the basis of scrutiny by a trained legal mind,' nor is facial validity to be judged in light of facts outside the writ's provisions which the person executing the writ may know." In re Mathews, 61 Comp. Gen. 229, 230-31 (1982) (quoted in U.S. v. Morton, 467 U.S. 822, 829 n.10 (1984)). Allegations that the writ of garnishment is invalid because it was fraudulently obtained, or because the issuing jurisdiction had improperly served the debtor in the underlying court proceeding, are not challenges to the facial validity of the writ. Id. Not even the issuing court's subsequently established lack of personal jurisdiction over the debtor can defeat the facial validity of its garnishment order. Morton, 467 U.S. 822. Nor do plaintiff's assertions that the order contained "terms confusing, unfamiliar and foreign" to him affect the determination of facial validity. After all, "[t]he writ is simply a direction to the garnishee; it contains no information shedding light upon the issuing court's jurisdiction over the obligor." Id. at 829. The Income Withholding Order of Ingham County Friend of the Court, attached to plaintiff's pleadings as exhibit C, appears to have been composed in accordance with the laws of Michigan, was plainly issued by an agency with subject-matter jurisdiction to issue such orders, and is thus legal process that is "regular on its face." See 5 C.F.R. § 581.103(f) (defining "legal process" to include "any writ, order, summons, notice to withhold income ..., or other similar process ..., or in the case where a child support order is submitted by a child support agency...."). Moreover, the first payment of the garnished amounts by the Social Security Administration was preceded by

4

proper notice to plaintiff, dated June 18, 2009 (Docket Entry Nos. 1 & 3-1, Exh. A), within

fifteen days of service of the June 9, 2009 Income Withholding Order on the agency, as

required by regulation. 5 C.F.R. § 581.302(a). While that notice is alleged to have not

included a copy of the garnishment order, which the regulation also requires, 5 C.F.R. §

581.302(a)(1), such a deficiency affecting, at most, the deduction from one benefit check,[1]

has been held to not show sufficient prejudice for the imposition of liability, where the

debtor had ample opportunity to challenge the validity of all withholdings in the state court

from whence the garnishment order came. Millard v. U.S., 916 F.2d 1, 10-11 (Fed. Cir.

1990). Plaintiff's pleadings show that he took advantage of his opportunity to challenge

Ingham County's proceedings in garnishment, beginning as early as May 28, 2009 (regarding

the withholding of his one-time, $250.00 payment), and continuing on July 2 and 10, 2009

(regarding the withholding from his monthly Social Security benefits). (Docket Entry Nos. 1

& 3-1, Exh. E3)

In sum, the undersigned finds that plaintiff's pleadings fail to state a claim

upon which relief can be granted against the Social Security Administration over its role in

the garnishment of his benefits.

### III.

With regard to the complaint against Ingham County, plaintiff appears to

allege a violation of his constitutional right to procedural due process, claiming that it was

only after garnishment of his monthly benefits commenced that he received Ingham

---

[1]Plaintiff admits that in July 2009 he received a copy of the Income Withholding Order, as well as an advice of rights concerning any objection to the assessed arrearage amount, from Ingham County Friend of the Court. (Docket Entry Nos. 1 & 3-1, at 2). The first challenged withholding by the Social Security Administration occurred on July 2, 2009. Id. at Exh. A.

County's notice of "Income Withholding for Support" and the accompanying advice of rights to object to the arrearage amount. Plaintiff alleges that in addition to not receiving advance notice of the garnishment, he was never provided a copy of a court order authorizing the garnishment. He also claims other defects related to Ingham County's failure to properly establish a debt warranting collection by garnishment. However, among the various documents appended to plaintiff's original complaint is a July 2, 2009 notice to the Ingham County Circuit Court that plaintiff disputes, on state law grounds, that court's involvement with issues related to his divorce and custody case:

> 'Ingham County is void of jurisdiction of an Eaton County divorce and custody case after Eaton County jurisdiction attached because that jurisdiction must continue in Eaton County throughout all subsequent proceedings and matters related to the Eaton County divorce and custody case. Ingham County Government and agent activity concerning Eaton County Circuit Court case 82-409-DM "re-assigned" to Ingham County Circuit Court case 92-500052-VJ is without jurisdiction pursuant to state law and rendered invalid, null and void, without either proper authority or defense for any damaging actions taken thereunder.'

(Docket Entry No. 1, Exh. E1)[2]

"When an individual is deprived of a property interest by the state due to the failure of the state's agents to follow state procedure, due process is satisfied if the person had access to meaningful postdeprivation process. *Hudson v. Palmer*, 468 U.S. 517, 531-36 (1984). A procedural due process claim will not be stated unless the plaintiff pleads and

---

[2]The history of plaintiff's domestic relations litigation in both Eaton County courts and Ingham County courts, dating back nearly twenty years and including the circuit courts' issuance of orders allegedly in contravention of directives from the Michigan Court of Appeals, is detailed in plaintiff's most recent submission to this court. (Docket Entry No. 13)

6

proves that his available state remedies are inadequate to redress the wrong." <u>Kennedy v.</u>

<u>Comm'r of Soc. Sec.</u>, 1999 WL 1336080, at *2 (6th Cir. Dec. 21, 1999).  In his July 10, 2009

Verified Affidavit (Docket Entry Nos. 1 & 4, Exh. E3), plaintiff states that "[t]his is a case for

which INGHAM COUNTY does not have a proper and neutral court in this matter.  These

issues of wrongful attachment and withholding of Social Security deserve to be heard by a

proper and neutral tribunal."  Even after receiving notice of his right to object to the amount

of his support arrearage in July 2009, plaintiff apparently elected to stand on his

jurisdictional and procedural arguments, rather than take advantage of the available state

remedy presented to him by filing an objection form and request for hearing before a referee,

<u>see</u> Docket Entry Nos. 1 & 3-1, Exh. C.  Unfortunately, this stance and the  conclusory

allegation of no "proper and neutral" Ingham County forum are insufficient to dispel the

presumption of an adequate postdeprivation state court remedy, particularly in light of the

long held "federal policy to avoid handling domestic relations cases in federal court in the

absence of important concerns of a constitutional dimension."  <u>Overman v. U.S.</u>, 563 F.2d at

1292.  "Such cases touch state law and policy in a deep and sensitive manner, and '(a)s a

matter of policy and comity, these local problems should be decided in state courts.'

*Buechold v. Ortiz*, [401 F.2d 371, 373 (9th Cir. 1968)]. ... To have federal courts adjudicating

such disputes, where the only federal connection is garnishment of government wages,

would truly be a case of the tail wagging the dog."  <u>Id.</u> at 1292-93.  Plaintiff simply makes no

viable allegation that the Michigan state court system would not have sustained a valid

objection to the arrearage amount, nor that those courts would allow less than full redress

for any procedural due process violations established.

Indeed, contrary to plaintiff's general assertion of the inadequacy of the state

7

court forum to redress the allegedly wrongful garnishment activities of Ingham County, he evidently filed a petition in the Ingham County Circuit Court on September 11, 2009, one week prior to filing his complaint in this court, by which he advanced the same due process arguments and essentially sought the same remedy (i.e., that the garnishment order be quashed) as he does in the instant case. (Docket Entry No. 1 at 3, ¶ 8; Docket Entry No. 4 at 3, ¶ 7) It thus appears that even if a procedural due process claim were properly stated here, principles of comity and federalism would counsel this court to abstain from exercising jurisdiction over this matter, where state proceedings implicating important child support interests are ongoing. See, e.g., Tindall v. Wayne Co. Friend of Court, 269 F.3d 533 (6th Cir. 2001). For all of these reasons, the undersigned concludes that plaintiff has failed to state a claim against Ingham County. See Edwards v. Goldberg, 1985 WL 12793 (6th Cir. Oct. 7, 1985) (considering complaint alleging, inter alia, that the child support obligor plaintiff "was not afforded due process notice and a hearing before the state court orders of garnishment were issued upon his disability and pension benefits," and affirming complaint's dismissal on abstention grounds, as well as the adequacy of the Michigan state courts to redress the claimed constitutional deprivation).

## IV.

In sum, the undersigned finds that plaintiff's pleadings do not state a claim upon which relief may be granted against either named defendant. Accordingly, it is recommended that this case be **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2). The undersigned would decline to certify any appeal from the district court's order adopting this recommendation as being in good faith under 28 U.S.C. § 1915(a).

Plaintiff has fourteen (14) days from receipt of this Report and

8

Recommendation in which to file any written objections to it with the District Court.

Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections within fourteen (14) days of receipt

of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909,

912 (6th Cir. 2004)(en banc).


        ENTERED this 5th day of March, 2010.


                     s/ John S. Bryant
                     JOHN S. BRYANT
                     UNITED STATES MAGISTRATE JUDGE

9